**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE M. GONZALEZ-RIVERA

    Plaintiff,

       v.                                                     CIVIL NO.: 23-1489 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

I.    **PROCEDURAL AND FACTUAL BACKGROUND**

Pending before the court is Mr. José M. González-Rivera's ("Plaintiff") complaint challenging the decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability benefits under the Social Security Act. ECF No. 13. On August 7, 2009, Plaintiff filed an application for Social Security benefits. Tr. 365. Plaintiff alleged that he initially became unable to work due to disability on January 20, 2009 (the "onset date"). Tr. 971-75. Prior to the onset date, Plaintiff's past relevant work was as a hand packager. Tr. 39. On December 17, 2009, the agency found the beneficiary was disabled as of the onset date. Tr. 365.

Subsequently, an investigation found that one of Plaintiff's physicians, Dr. Jose R. Hernández González, M.D. ("Dr. Hernández"), made false statements or other misrepresentations in Plaintiff's application, which the Commissioner relied on in determining that Plaintiff was disabled. *See United States v. Hernandez-Gonzalez*, 13-00781 (FAB); Tr. 579-86. Under 42 U.S.C. § 405(u), the agency must redetermine an individual's disability case when there is reason to believe fraud or similar fault was involved in that individual's application for benefits. The United States Department of Justice and the Social Security Administration's Office Inspector General conducted

a criminal investigation and evidence was provided to show there was fraud or similar fault involved in Plaintiff's application for benefits. Tr. 21.

The first redetermination was completed on January 10, 2014. Tr. 366-372, 469-473. This redetermination was affirmed upon reconsideration on January 28, 2015. Tr. 384, 490-98. Thereafter, Plaintiff filed a Request for Review on February 23, 2015, for an administrative law judge ("ALJ") to review the redetermination findings. Tr. 777-78. An unfavorable redetermination decision was issued on August 22, 2018, concluding that Plaintiff was not disabled. Tr. 385-416.

Plaintiff filed another Request for Review on October 6, 2018, and the Appeals Council remanded the case on April 8, 2019, with explicit orders for the ALJ to: further consider the maximum residual functional capacity, further consider the Plaintiff's educational level, and obtain supplemental evidence from a vocational expert, and offer the Plaintiff another opportunity for a hearing. Tr. 417-23. The ALJ held a hearing on September 27, 2019, and on October 25, 2019, the ALJ issued a decision concluding that Plaintiff was not disabled. Tr. 424-49.

Subsequently, Plaintiff requested review of the ALJ's decision and the case was remanded again by the Appeals Council with directions for the ALJ to: determine whether there is a reason to believe that the provision of evidence in support of the beneficiary's application involved fraud or similar fault; and if so, offer the beneficiary another opportunity for a hearing where the beneficiary has the opportunity to rebut the exclusion of evidence in his case. Tr. 453. This hearing was held telephonically on May 23, 2022, due to the extraordinary circumstance presented by COVID-19. Tr. 23.

The ALJ determined there was reason to believe that the evidence in support of the Plaintiff's application involved fraud or similar fault. Tr. 22-24. The ALJ explicitly named which pieces of

evidence he was disregarding.[1] Tr. 23-25. The ALJ then considered all remaining evidence, which he found sufficient to make a determination as he would have in a typical disability case. *See* Social Security Ruling ("SSR") 22-1p, 2022 WL 2533116, at *4. The ALJ issued the current administrative decision on June 22, 2022, finding that Plaintiff was not disabled. Tr. 22-41. Plaintiff filed a third and final Request for Review, which was denied on August 7, 2023, making the June 2022 decision the Commissioner's final decision. Tr. 1-3.

## II.  LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence

---

[1] The evidence disregarded by the ALJ because of the finding of fraud by Dr. Hernández is not at issue in the complaint in the case at bar.

but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is conclusively determined that

plaintiff is or is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ cannot conclusively determine whether a plaintiff is or is not disabled at a given step, then the analysis will proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functioning capacity ("RFC"). *Id*. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### III.    THE ALJ'S DECISION

In the decision dated June 22, 2022, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through December 17, 2009, the date of the prior award. Tr. 28. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the onset date of January 20, 2009, through the end of the relevant period. *Id*. At step two, the ALJ determined that Plaintiff had the following severe impairments: major depressive disorder, cervical degenerative disc disorder and osteopenia, and lumbar degenerative disc disease and osteopenia. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 29. Next, the ALJ determined that during the relevant period:

> [Plaintiff] had the residual functional capacity to perform medium work, as defined in 20 CFR 404.1567(c), with the following additional limitations. He could never climb ladders, ropes, or scaffolds. He could occasionally climb ramps and stairs. He could occasionally balance, stoop, kneel, crouch, and crawl. He needed to avoid concentrated exposure to wet, slippery, uneven surfaces; vibration; and hazards, such as dangerous moving machinery and unprotected heights. He needed the ability to change positions at will without being off task. He was limited to simple, routine, repetitive tasks and simple work-related judgments and decisions. He could understand, remember, and carry out short and simple instructions. He could have no more than occasional changes in a routine work setting. He could perform goal-oriented work but not fast paced work. He was limited to occasional interaction with members of the general public.

Tr. 31. At step four, the ALJ determined that during the relevant period, Plaintiff was not capable of performing his past relevant work as a hand packager Tr. 39. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert ("VE"). Tr. 39-40. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: dining room attendant and laundry worker. Tr.

40. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 41.

**IV.    LEGAL ANALYSIS**

Plaintiff makes two main arguments in his motion. First, Plaintiff alleges that the ALJ erred at step five of the determination process. Second, Plaintiff alleges that the ALJ erred in calculating Plaintiff's established onset date. The court will address each argument in turn.

**A.    The ALJ's Step Five Determination**

Plaintiff alleges that, at step five, the ALJ did not correctly apply the medical vocational guidelines under 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a) (hereafter referred to as the "Grid"). ECF 13 at 18. Specifically, Plaintiff alleges that guideline 203.03 directed the ALJ to find Plaintiff disabled. *Id*. at 19-21; 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.03. For the following reasons, the court finds this argument unconvincing.

Step five requires an ALJ to determine whether a claimant could perform jobs that existed in significant numbers in the national economy given his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), 404.1560(c)(2). If the claimant could perform jobs, then he was not disabled. 20 C.F.R. § 404.1566(b). If he could not, then he was disabled. *Id.*

The Grid is designed to help the Commissioner at step five to determine if jobs exist in the national economy for a given claimant "in a streamlined fashion without resorting to the live testimony of vocational experts." *Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989). The rules reflect "major functional and vocational patterns" based on data about the jobs existing in the national economy. 20 C.F.R. § 404.1569. Each rule directs a finding of "disabled" or "not disabled" based on the particular combination of the claimant's physical RFC (light work, medium work, heavy work, or very heavy work) and vocational factors (age, education, and work experience). 20 C.F.R. §404, subpart P, app. 2 § 200.00(a). Because the rules only take into account

"limitations in meeting the strength requirements of jobs," known as "exertional limitations," they are not conclusive where the claimant has other limitations not related to strength, known as "non-exertional limitations." [2] 20 C.F.R. §404, subpart P, app. 2 § 200.00(e). In other words, when a claimant has nonexertional limitations as well, then the Grid is only a "framework to guide [the] decision." *Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001) (quoting 20 C.F.R. § 416.969a(d) (2001)). However, when the claimant's RFC, age, education, and work experience "coincide with the criteria of an exertionally based rule…and that rule directs a conclusion of '[d]isabled'," an exception is made. SSR 83-14, 1983 WL 31254, at *3. In these situations, the ALJ is required to find the claimant disabled, regardless of the claimant's non-exertional limitations. *Id*. Here, Plaintiff has both exertional and non-exertional limitations. Tr. 31. Thus, the Grid is only a guide unless the Plaintiff falls under the aforementioned exception.

To determine whether the Grid directs a finding of disabled under this exception, as Plaintiff alleges, we must start with the ALJ's relevant findings. First, the ALJ found that Plaintiff had an RFC for medium work. Tr. 31. Second, the ALJ found that Plaintiff was closely approaching advanced age (i.e. age 50-54) at the time of the prior award (December 17, 2009). Tr. 39 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.00(d)). Third, the ALJ found that Plaintiff "was not able to communicate in English" and therefore concluded that Plaintiff should be considered in the "same way as an individual who was illiterate in English" Tr. 39. Lastly, the ALJ found that "[t]ransferability of job skills [was] not an issue in this case because the [Plaintiff's] past relevant work [was] unskilled." *Id*.

---

[2] Exertional limitations relate to the claimant's ability to meet the seven strength demands of a job—sitting, standing, walking, lifting, carrying, pushing, and pulling. Non-exertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are [not] included in the seven strength demands." *Hodges v. Berryhill*, Civ. No. 16-22, 2017 WL 9439160, at *9 (N.D. Fla. Feb. 8, 2017) (citing SSR 96–4p, 1996 WL 374187, at *2 (1996)); 20 C.F.R. §§ 404.1569a(b)-(c).

Plaintiff argues that the above findings direct a decision of disabled at 203.03; however, Plaintiff misreads the table. ECF 13 at 20. The age category at 203.03 is "closely approaching retirement age," which is defined as age 60 or older. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.03. However, at the date of prior award, the Plaintiff was 50 years old, which the Plaintiff acknowledges multiple times as being defined as "approaching advanced age," which is a different age category on Table No. 3. ECF 13 at 4, 19; 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.03.  Applying the correct age category of "approaching advanced age", rule 203 does not support a finding of disabled at any education or skill level. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.18-24 (all directing findings of not disabled for claimants who are closely approaching advanced age and can perform medium work, regardless of their education level and previous work experience). The ALJ explicitly considered the Grid and correctly applied it to the Plaintiff. Tr. 40.

Upon a finding that the Plaintiff did not fall with the SSR 83-14 exception, the ALJ correctly assessed Plaintiff's limitations according to 20 C.F.R. §404, subpart P, app. 2 § 200.00(e)(2). When a claimant has both exertional and non-exertional limitations, and the Grid does not direct a finding of disability, the regulations indicate that the rule reflecting the claimant's age, education, work experience, and RFC should be used "as a framework" for determining the extent to which the non-exertional impairments deplete the number of potential jobs that the claimant can perform.  20 C.F.R. §404, subpart P, app. 2 § 200.00(e)(2).  In such cases, whether the ALJ can rely on the Grid depends on how much the non-exertional impairments reduce the potential job base at the relevant exertional level.  *Ortiz*, 890 F.2d at 524; *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 194 (1st Cir. 1987). "If a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability. Yet the more that occupational base is reduced by a nonexertional impairment, the less applicable are the factual predicates underlying the

Grid rules, and the greater is the need for vocational evidence." *Ortiz*, 890 F.2d at 525 (citing *Sherwin* 685 F.2d at 3; Social Security Ruling ("SSR"), 85–15, at 93 (CE 1985); SSR 83–14, at 205, 207 (CE 1983)).

After careful review, the ALJ found that Plaintiff's mental impairments "did not result in significant functional limitation that precluded him from engaging in basic work activity during the period at issue." Tr. 37. Yet, the ALJ still considered how Plaintiff's "ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations." *Id*. To determine the extent that these limitations erode the unskilled medium occupational base, the ALJ considered VE testimony about the number of jobs in the national economy that someone like Plaintiff could perform. *Id*. Based on the VE's testimony regarding Plaintiff's ability to perform occupations such as dining room attendant and laundry worker, the ALJ found the testimony consistent with the Dictionary of Occupational Titles and that Plaintiff was able to adjust to work that existed in significant numbers in the national economy. Tr. 41. Therefore, the ALJ's decision was supported by substantial evidence and the court finds no error warranting remand.

**B. The ALJ's Established Onset Date Determination**

Next, Plaintiff argues the ALJ erred in determining the onset date. ECF 13 at 20-21. Specifically, Plaintiff alleges that the ALJ misapplied SSR 18-01p, which instructs how a disability onset date should be established, because the ALJ wrote that there was "no basis or justification" for the Plaintiff's assertion that the onset date was January 2009, and because an ALJ cannot consider an onset date that is beyond the period under consideration. ECF 13 at 20-21; Tr 33.

SSR 18-01p rescinded and replaced SSR 83-20. SSR 18-01p, 2018 WL 4945639, at *1. As Plaintiff's case was pending after SSR 18-01p's applicable date, October 2, 2018, SSR 18-01p applies and the court will only apply this rule to Plaintiff's case. *Id.* at *7 ("This SSR is applicable on October 2, 2018. We will use this SSR beginning on its applicable date. We will apply this SSR

10

to new applications filed on or after the applicable date of the SSR and to claims that are pending on and after the applicable date."). SSR 18-01p states in relevant part that if an ALJ find that a claimant "meets the statutory definition of disability during the period under consideration, then [the ALJ] will determine when the claimant first met that definition. However, [the ALJ] will not consider whether the claimant first met the statutory definition of disability on a date that is beyond the period under consideration." SSR 18-01p, 2018 WL 4945639, at *5. Here, the ALJ made no such finding of disability at the first step, therefore, the rule does not apply and there is no need for the court to discuss whether the claimant first met the statutory definition of disability on a date that is beyond the period under consideration. *See id; Garcia v. Comm'r, SSA*, 817 F. App'x 640, 645–46 (10th Cir. 2020) ("the need to determine an onset date is relevant only when a claimant has been found disabled") *Cyree v. Kijakazi*, No. 22-35462, 2023 WL 3862512, at *1 (9th Cir. June 7, 2023) (holding same).

**V.    CONCLUSION**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits contained no legal error as it was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2024.

s/Marcos E. López
U.S. Magistrate Judge